**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
ORLANDO GONZALEZ,

                        Petitioner,       **REPORT & RECOMMENDATION**

        - against -                          10-MC-00547 (JBW) (RER)

UNITED STATES OF AMERICA

                        Respondent.
-----------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Orlando Gonzalez ("Gonzalez") moves for an order expunging his prior conviction from the records of the United States District Court for the Eastern District of New York. The Honorable Jack B. Weinstein referred the motion to me for a Report and Recommendation ("R&R") on October 27, 2010. (Docket No. 2.) The United States filed a memorandum in opposition to the motion on November 8, 2010. (Docket No. 6.) For the following reasons, I recommend that the motion be denied.

## BACKGROUND

       On October 9, 1990, the Honorable Jack B. Weinstein sentenced Gonzalez to 33 months imprisonment and ten years supervised release for one count of importation of cocaine into the United States, a violation of 21 U.S.C. § 952(a). On August 16, 2010, Gonzalez moved for his criminal record to be expunged. (Gonzalez's Letter Requesting Expunction ("Gonzalez Letter").)

       In his moving papers, Gonzalez provides the Court with details of his life following incarceration. Gonzalez earned a Bachelor of Arts degree and various professional certifications,

married and, most recently, became a father. (*Id.* at 1.) Gonzalez also informs the Court that he has built a career as an information technology consultant, but works on a contract basis because his criminal history "has precluded [him] from certain jobs and on other occasions has resulted in the termination of [his] employment." (*Id.*) In particular, Gonzalez has had difficulty obtaining employment in the financial sector. (*Id.* at 2.) It is this difficulty in obtaining and maintaining permanent employment in his chosen industry that prompted Gonzalez's motion to expunge. (*Id.* at 1.) The United States contends that Gonzalez "has not demonstrated the extreme circumstances necessary to warrant" expunction of his record. (Government's Memorandum of Law in Opposition to Petitioner's Motion to Expunge his Criminal Record ("Gov't Mem."), dated 11/8/10, at 2.)

## **DISCUSSION**

The United States Attorney General must preserve certain records as part of meeting "the public's compelling need to have an accurate criminal identification system." *United States v. Sherman*, 782 F. Supp. 866, 868 (S.D.N.Y. 1991); 28 U.S.C. § 534(a) (1). Further, "no federal statute provides for the expungement of an arrest record." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977). However, the Second Circuit has held that "expungement lies within the equitable discretion of the court" but should be used "only in extreme circumstances." *Id*. To determine whether expunction is appropriate, a court must balance law enforcement's interests in "retaining and preserving arrest records . . . [to] promot[e] effective law enforcement" and "an effective and workable criminal identification procedure" against "the harm that the maintenance of arrest records can cause citizens." *Id*. The former frequently outweighs the latter and "courts have rarely granted motions to expunge arrest records, let alone conviction records."

*Sherman*, 782 F. Supp. at 868. Examples of such extreme cases warranting expunction include (1) "mass arrests" where "procedures [that] rendered judicial determination of probable cause impossible," (2) arrests made with "the sole purpose of . . . harass[ing] civil rights workers," (3) "police misuse [of] police records to the detriment of the defendant," and (4) "arrest[s] . . . based on a statute later declared unconstitutional. *Schnitzer* 567 F.2d. at 540. Thus, the Government is correct in asserting that expunction "is an extreme and unusual remedy, reserved for a small class of criminal cases." (Gov't Mem. at 3.)

Gonzalez does not dispute the legality of his conviction or allege "some impropriety" on the part of the government that could be indicative of "extreme cases of government misconduct" where expunction may be appropriate. *In re Farkas*, 783 F. Supp. 102, 103 (E.D.N.Y. 1992). Rather, Gonzalez requests that his criminal record be expunged because it causes him embarrassment and potentially limits his employment opportunities. (Gonzalez Letter at 2.) Absent any issue with the record's accuracy, "courts have almost uniformly rejected adverse employment effects as grounds for expungement." *Fernandez v. U.S.*, No. 09-MC-326, 2009 WL 2227140, at *2 (E.D.N.Y. July 24, 2009); *see also United States v. Grant*, No. 94-CR-0018, 2008 WL 2039309, at *3 (E.D.N.Y. May 9, 2008) (denying motion to expunge charges for cocaine and heroin importation for which defendant was acquitted from defendant's record, where defendant alleged an employer rescinded a job offer following a background check); *United States v. James*, No. 97-CR-715, 2003 WL 21056989, at *2 (E.D.N.Y. Feb 13, 2003) (denying motion to expunge petitioner's criminal record of one count of conspiring to import cocaine where petitioner had difficulty obtaining employment and receiving housing assistance); *Farkas*, 783 F. Supp. 102 at 104 (declining to expunge a 20 year-old arrest record where

3

narcotics charges were dismissed and defendant claimed the record would damage his position as a vice-president at a securities firm).

Gonzalez concedes that his "criminal record has not precluded [him] from making a lawful living." (Gonzalez Letter at 1.) In fact, Gonzalez provides the court with his extensive employment history as a consultant with some of the most prestigious financial institutions in the world. (*Id.* at 2.) Though this history indicates Gonzalez may be qualified for permanent positions with these firms, the Court cannot expunge Gonzalez's criminal record for its "potential adverse effect on his future employment." *Slansky v. Clerk, United States District Court*, No. 96-Civ-2338, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996). Nor can the Court expunge Gonzalez's record for damage to his "professional reputation." *James*, 2003 WL 21056989 at *2. Therefore, I must respectfully recommend that Gonzalez's motion be denied.

Despite the Court's inability to conceal Gonzalez's record from the view of potential employers, it is important to recognize Gonzalez's positive transformation. Gonzalez's desire to pursue a career and provide for his family indicates that he is no longer the same person whose youthful lapse in judgment originally brought him before this Court. I hope that employers will recognize Gonzalez for who he is today and not stigmatize him solely for who he was over two decades ago. As the *James* court stated, "to merely pay lip service . . . to the tenet of 'paying one's debt to society' and to continue to regard that debt as never to be absolved is socially self-defeating and morally wanting." *Id*. This Court echoes these sentiments and hopes that, just as he has built a family and a successful career, Gonzalez will find continued success in the future.

## CONCLUSION

For the reasons stated above, I respectfully recommend that Gonzalez's motion to seal or

expunge certain criminal records be denied.

Any objections to this R&R must be filed with the Clerk of the Court and the Honorable Jack B. Weinstein within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). I direct the government to serve a copy of this R&R on petitioner by certified mail, and to file proof of service by November 24, 2010.


Dated: November 22, 2010
       Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**